IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| JASON FOLLOWELL, RUBEN FOLLOWELL, and JOSEPH MUNOZ on behalf of themselves and others similarly situated, | § § § § § | CIVIL ACTION NO. 17-2280 |
| *Plaintiffs*, | § § | JURY TRIAL DEMANDED |
| v. | § § | COLLECTIVE ACTION |
| WEITZ HEAVY INDUSTRIAL, LLC and THE WEITZ COMPANY, LLC, | § § § | |
| *Defendants*. | | |

## COLLECTIVE ACTION COMPLAINT

### I.   SUMMARY

1.  WEITZ HEAVY INDUSTRIAL, LLC and THE WEITZ COMPANY, LLC (collectively "Defendants" or "Weitz"), a commercial and industrial general contractor and services provider operating in Texas, is violating the Fair Labor Standards Act ("FLSA") by forcing its employees to work a substantial amount of overtime without properly paying all compensation due, thus depriving them of rightful compensation for their work that Weitz is legally obligated to pay.

2.  Plaintiffs Jason Followell, Ruben Followell, and Joseph Munoz (collectively "Plaintiffs") worked for Weitz as field safety auditors/inspectors in and around Southeast Texas and were damaged by this illegal policy or practice.  Plaintiffs were denied the compensation they were due under the FLSA.  Plaintiffs bring this lawsuit on behalf of themselves and all other similarly situated current or former field safety auditors/inspectors to recover unpaid wages and

1

overtime compensation, liquidated damages, attorneys' fees, and costs owed to them individually and on behalf of other similarly situated individuals.

## II.   JURISDICTION AND VENUE

3.   This Court has original subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiffs' claims arise under federal law, namely the FLSA, 29 U.S.C. § 201 *et seq*.

4.   Venue is proper because a substantial part of the acts and omissions giving rise to Plaintiffs' claims occurred in the Southern District of Texas.  28 U.S.C. § 1391(b)(2).

## III.   THE PARTIES

5.   Plaintiffs worked as field safety auditors/inspectors for Weitz in and around Southeast Texas.  Weitz was helping construct a methanol plant for NatGas, LLC in or near Beaumont.  Plaintiffs' jobs as field safety auditors/inspectors for Weitz were to observe and report on safety infractions committed by other workers.  Plaintiffs would submit those reports to their supervisors for action to be taken thereon.  Plaintiffs were not primarily responsible for using discretion or independent judgment to formulate, affect, change, or implement management policies or operating practices based on their safety observations and reports.  They did not carry out major assignments in conducting their work that affected the business to any substantial degree.  Plaintiffs regularly worked in excess of 40 hours per week without receiving all the compensation they were due under the FLSA.  Plaintiff Jason Followell's consent is attached as Exhibit A.  Plaintiff Ruben Followell's consent is attached as Exhibit B.  Plaintiff Joseph Munoz's consent is attached as Exhibit C.

6.   The class of similarly situated employees consists of all current and former field safety auditors/inspectors who were employed by Weitz during the three-year period preceding the filing of this Complaint.  These similarly situated individuals are referred to as the "Members of the Class" or "the Class."

7. Defendant WEITZ HEAVY INDUSTRIAL, LLC is a Foreign Limited Liability Company with a principal place of business at 2150 Town Square Place, Suite 250, Sugar Land, TX 77479 that is engaged in commerce in the United States and is otherwise subject to the FLSA. Weitz employs Plaintiffs within the meaning of the FLSA. Weitz Heavy Industrial, LLC may be served with process by serving its registered agent, Corporation Service Company, 211 E. 7th Street, Austin, TX 78701-3218.

8. Defendant THE WEITZ COMPANY, LLC is a Foreign Limited Liability Company with a principal place of business at 400 Locust Street Suite 300, Des Moines, IA 50309 that is engaged in commerce in the United States and is otherwise subject to the FLSA. Weitz employs Plaintiffs within the meaning of the FLSA. The Weitz Company, LLC may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

## IV.   BACKGROUND

9. Weitz is a major general contractor and industrial services provider in the United States. Weitz helped construct the NatGas methanol plant in or near Beaumont, Texas.

10. Field safety auditors/inspectors for Weitz were responsible for observing and reporting on safety infractions committed by other workers. The field safety auditors/inspectors would submit those reports to their supervisors for any action to be taken thereon. The field safety officers/inspectors were not primarily responsible for using discretion or independent judgment to formulate, affect, change, or implement management policies or operating practices based on their safety observations and reports. They did not carry out major assignments in conducting their work that affected the business to any substantial degree. Upon information and belief, the field safety auditors/inspectors regularly worked in excess of 40 hours per work week. However, Weitz

did not pay its field safety auditors/inspectors one and one-half times their regular rate for all hours in excess of 40 each week. Instead, Weitz misclassified Plaintiffs and Members of the Class as salaried employees, paying them a "straight time" rate as a "salary" with no overtime premium no matter how many hours they work during the workweek. As a result, Weitz failed to properly compensate its employees under the FLSA.

## V. PLAINTIFFS' ALLEGATIONS

### A. *Weitz Failed to Properly Pay Regular and Overtime Compensation.*

11. Plaintiffs worked for Weitz as field safety auditors/inspectors. Weitz paid the field safety auditors/inspectors, including Plaintiffs, a "salary" without any overtime premium paid, no matter how many hours the field safety auditors/inspectors worked. In other words, Plaintiffs did not receive 1.5 times their normal hourly rate for all hours worked over 40 in a workweek.

12. Instead of a salary, the FLSA requires Weitz to pay hourly compensation to the field auditors/inspectors for each hour they are suffered or permitted to work, and to pay overtime compensation at one and a half times their regular rates of pay for each hour they work in excess of 40 hours in a week. Weitz should have paid Plaintiffs for 40 hours of regular pay and several more hours of overtime, including half-time overtime premiums, in a typical workweek, but Weitz failed to pay Plaintiffs that amount.

13. By failing to pay Plaintiffs as described above, Weitz has deprived Plaintiffs of a significant amount of overtime compensation to which they are rightfully entitled.

### B. *Weitz Willfully Violated the FLSA.*

14. The FLSA and Department of Labor regulations require that individuals receive at least minimum wage for all hours suffered or permitted to work. In addition, the FLSA and Department of Labor regulations set forth the proper means for calculating and paying minimum

wage and overtime compensation to non-exempt employees like Plaintiffs. Weitz failed to follow these rules when paying Plaintiffs.

15. Weitz had a policy and/or practice of not paying its field safety auditors/inspectors for all of the overtime they worked each week at the proper rate. Weitz should have paid its field safety auditors/inspectors overtime compensation at one and one-half their regular rates for all hours worked in excess of 40 per workweek.

16. Weitz knows or has shown reckless disregard for the requirements of the FLSA with respect to compensation for Plaintiffs.

## VI.     COLLECTIVE ACTION ALLEGATIONS

17. Plaintiffs are aware that Weitz's illegal policies or practices have been imposed upon Members of the Class. Like Plaintiffs, the Members of the Class are or were employed by Weitz as field safety auditors/inspectors performing the same or similar duties as Plaintiffs.

18. As with Plaintiffs, Members of the Class frequently work more than 40 hours in a workweek without receiving all the overtime compensation they were due—i.e., Weitz failed to pay them 1.5 times their regular hourly rates for all hours worked over 40 in a workweek.

19. Weitz's failure to properly compensate Plaintiffs and Members of the Class results, upon information and belief, from a generally applicable policy and/or practice. Specifically, upon information and belief, it is a policy and/or practice at Weitz to pay its field safety auditors/inspectors "straight-time" overtime with no "half-time" overtime premium, regardless of the number of hours worked. As such, the Members of the Class are owed additional overtime compensation for precisely the same reasons as Plaintiffs.

20. Accordingly, the class of similarly situated plaintiffs is properly defined as:

> **All current and former field safety auditors/inspectors who were employed by Weitz during the three-year period preceding the filing of this complaint.**

21. Members of the Class should be notified of this lawsuit and given the opportunity to opt-in if they so desire.

22. Notice from this Court should be expedited to protect these workers from losing a portion of their damages due to the running of the statute of limitations.

## VII.  CAUSES OF ACTION

23. The preceding paragraphs are incorporated by reference.

24. As set forth above, Weitz violated the FLSA with respect to Plaintiffs and Members of the Class by failing to provide proper overtime pay for all hours worked in excess of 40 hours in a week.  29 U.S.C. §§ 206, 207.

25. Plaintiffs and Members of the Class are entitled to recover one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in a week, less any overtime amounts already paid.

26. In addition, Plaintiffs and Members of the Class are entitled to liquidated damages in an amount equal to their unpaid wages and overtime wages.

27. Moreover, Plaintiffs and Members of the Class are entitled to reasonable attorneys' fees and costs.  29 U.S.C. § 216 (b).

## VIII.  JURY DEMAND

28. Plaintiffs demand a jury trial.  Any required jury fee has been or will be timely paid.

## PRAYER

WHEREFORE, Plaintiffs request that this Court award them and Members of the Class judgment against Weitz for:

1. damages for the full amount of their unpaid wages;

2. damages for the full amount of their unpaid overtime compensation;

3. an amount equal to their unpaid wages and unpaid overtime compensation as liquidated damages;

4. reasonable attorneys' fees, costs and expenses of this action;

5. pre-judgment and post-judgment interest at the highest rate allowed by law; and

6. such other and further relief as may be allowed by law.

DATED this 25th day of July, 2017.             Respectfully submitted,

BAILEY PEAVY BAILEY COWAN
HECKAMAN  PLLC

By:  /s/ Robert W. Cowan
     Robert W. Cowan
     Attorney-in-Charge
     Federal Bar No. 33509
     Texas Bar No. 24031976
     Justin C. Jenson
     Texas Bar No. 24071095
     Katie R. McGregor
     Texas Bar No. 24098079
     440 Louisiana Street, Suite 2100
     Houston, Texas 77002
     Telephone: (713) 425-7100
     Facsimile: (713) 425-7101
     rcowan@bpblaw.com
     jjenson@bpblaw.com
     kmcgregor@bpblaw.com