IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JASON FOLLOWELL, RUBEN FOLLOWELL, and JOSEPH MUNOZ on behalf of themselves and others similarly situated, | § | Civil Action No.: 4:17-cv-02280 |
| *Plaintiffs,* | § | |
| | § | JURY TRIAL DEMANDED |
| v. | § | |
| | § | |
| WEITZ HEAVY INDUSTRIAL, LLC and THE WEITZ COMPANY, LLC, | § | COLLECTIVE ACTION |
| *Defendants*. | § | |

**JOINT MOTION FOR CONFIDENTIAL APPROVAL OF SETTLEMENT AND DISMISSAL WITH PREJUDICE**

Plaintiffs Jason Followell and Joseph Munoz, Individually and on behalf of all other similarly situated, including Opt-in Plaintiffs Orquidia Jasmin Gaana and Daryl Akins, and Defendants Weitz Heavy Industrial, LLC and The Weitz Company, LLC (collectively, the "Parties") file this Joint Motion for Confidential Approval of Settlement Agreement and Dismissal with Prejudice ("Motion"), asking that the Court: (1) grant the Parties leave to file their Confidential Settlement Agreement ("Agreement") under seal; (2) approve the Parties' settlement as expressed in the Agreement; and (3) dismiss this Lawsuit with Prejudice, and in support state as follows:

On July 25, 2017, Plaintiffs Jason Followell, Ruben Followell, and Joseph Munoz brought suit against Defendants for alleged failure to pay overtime compensation in violation of the Fair Labor Standards Act of 1938, as amended ("FLSA"). Defendants deny Plaintiffs' allegations.

On June 21, 2018, Plaintiff Ruben Followell's claims were dismissed without prejudice. (Doc. No. 17.)

On August 2, 2018, Opt-in Plaintiff Orquidia Jasmin Gaona filed a Notice of Consent to join this Lawsuit. (Doc. No. 23.)

On August 29, 2018, the Court approved the Parties' Joint Partial Stipulation regarding Conditional Certification and Notice to Putative Class. (Doc. No. 27.)

On September 19, 2018, Opt-in Plaintiff Daryl Akins filed a Notice of Consent to join this Lawsuit. (Doc. No. 31.)

The opt-in period is closed.

Despite the Parties' ongoing dispute regarding the validity of Plaintiffs' claims for overtime compensation, the Parties nevertheless entered into a Confidential Settlement Agreement to bring the Lawsuit to an expeditious conclusion to avoid delay, expense, inconvenience, and uncertainty of litigation. The Agreement also contains a confidentiality provision that is an essential and material term of the Agreement. The terms of the Agreement were approved and signed by all Plaintiffs, and the settlement is in the best interest of all parties.

The Parties respectfully request that the Court accept the filing of the Agreement, attached hereto as **Exhibit 1**, under seal, and approve this Agreement.

## II. THE NEED FOR COURT APPROVAL

"Ordinarily there [is] no need" for the Court to approve the settlement of a "dispute between employer and employees [because] people may resolve their own affairs, and an accord and satisfaction bars a later suit." *Walton v. United Consumer Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986). However, this case involves claims for unpaid wages brought pursuant to the FLSA, and there is conflicting authority regarding whether such claims may be settled in the absence of Court approval. As the Seventh Circuit has stated, the FLSA is "designed to prevent consenting adults from transacting about minimum wages and overtime pay." *Walton*, 786 F.2d at 306. The

Seventh Circuit maintains that because the FLSA "makes it impossible to agree on the amount of pay, it is necessary to ban private settlements of disputes about pay." *Id.* "Otherwise the parties' ability to settle disputes would allow them to establish sub-minimum wages." *Id.* "Courts therefore have refused to enforce wholly private settlements." *Id.*(citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir.1982)).

Some courts have stated that FLSA claims may only be released or settled in two ways: (1) a DOL-supervised settlement under 29 U.S.C. § 216(c) or (2) a court-approved stipulation of settlement. *Lynn's Food Stores*, 679 F.2d at 1353; *Jarrard v. Southeastern Shipbuilding Corp.*, 163 F.2d 960 (5th Cir. 1947) (enforcing a state court stipulated judgment entered upon disputed issues of both law and fact as *res judicata* to bar a federal FLSA suit).

Recently, however, the Fifth Circuit in *Martin v. Spring Break '83 Production*, 688 F.3d 247 (5th Cir. 2012) enforced a private compromise of an FLSA claim negotiated between an employer and employees even in the absence of court approval, where there existed "a bona fide dispute as to liability" as to the amount of hours worked and the compensation due. *Id.* at 255. Given the conflicting authority on this issue and in an abundance of caution, the Parties respectfully request Court approval of the Agreement. The settlement was negotiated at arm's length and represents a resolution of a *bona fide* dispute between the Parties as to the merits of the claims asserted in the action. Although the Parties have decidedly different views of the merits of this case, the Parties agree the settlement is fair, reasonable and represents a reasonable compromise of the disputed issues in this case.

As stated above, the Parties also jointly request that the Court review the Agreement for approval confidentially under seal. In light of the foregoing, the Parties request that the Court approve this settlement confidentially.

## III. THE SETTLEMENT AGREEMENT IS FAIR AND REASONABLE

In this instance, the Agreement is fair and reasonable because significant uncertainty exists in this case with respect to the facts and the legal standards that will be used, in particular regarding whether Plaintiffs and others similarly situated were misclassified as exempt from overtime.

Due to the conflicting factual allegations and the degree to which this case will turn on the interpretation of the FLSA, and to avoid the cost, time, and risk of continued litigation, the Parties have agreed that a settlement for the amount reflected in the Agreement is in the best interest of the Parties.

Each Plaintiff in the case will recover under the settlement all their alleged unpaid overtime, as calculated based upon information supplied to Plaintiffs' counsel by Defendants, plus an additional, smaller amount for liquidated damages. In addition, the Settlement Amount covers all Plaintiffs' attorneys' fees and expenses, an amount that comprises 48 percent of the overall Settlement Amount.

In exchange for the Settlement Amount, Plaintiffs and Opt-in Plaintiffs will agree to release Defendants from the claims asserted in the Lawsuit as well as any and all claims they may have against Defendants arising out of or relating to their employment on or before the date of the Agreement.

## IV. PRAYER

Wherefore, the Parties respectfully request that the Court accept the filing of the Agreement under seal; approve the Agreement as a fair and reasonable compromise, and dismiss the Lawsuit with Prejudice with each party bearing their own costs except as otherwise agreed to in the Agreement.

Respectfully submitted,

By: */s/ William R. Stukenberg*
William R. Stukenberg
Tex. Bar No. 24051397, S.D. Tex. Bar No. 55792
Pamela B. Linberg
Tex. Bar No. 00793299, S.D. Tex. Bar No. 23981
Alice Liu
Tex. Bar No. 24092710, S.D. Tex. Bar No. 2751561
1415 Louisiana, Suite 3325
Houston, Texas 77002-7332
(713) 650-0404 [Telephone]
(713) 650-0405 [Facsimile]
William.Stukenberg@jacksonlewis.com
LinbergP@jacksonlewis.com
Alice.Liu@jacksonlewis.com
**ATTORNEYS FOR DEFENDANTS**

-and-

*/s/ Robert W. Cowan*
Robert W. Cowan
Attorney-in-Charge
Federal Bar No. 33509
Texas Bar No. 24031976
Justin C. Jenson
Texas Bar No. 24071095
Katie R. McGregor
Texas Bar No. 24098079
5555 San Felipe Street, Suite 900
Houston, Texas 77056
Telephone: (713) 425-7100
Facsimile: (713) 425-7101
rcowan@bpblaw.com
jjenson@bpblaw.com
kmcgregor@bpblaw.com

**ATTORNEYS FOR PLAINTIFFS AND OPT-IN PLAINTIFFS**


**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing has been served on Plaintiffs' and Opt-in Plaintiffs' counsel of record as reflected below in accordance with the CM/ECF protocols for the United States District Court for the Southern District of Texas on November 19, 2018:

Robert W. Cowan
Justin C. Jenson
Katie R. McGregor
BAILEY PEAVY BAILEY COWAN HECKAMAN PLLC
5555 San Felipe Street, Suite 900
Houston, Texas 77056
Telephone: (713) 425-7100
Facsimile: (713) 425-7101

*/s/ Alice Liu*
Alice Liu